**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                          No. 03-4468

EUGENE HARTWELL WILSON,
                *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Terry L. Wooten, District Judge.
(CR-02-1168)

Submitted: January 30, 2004

Decided: July 30, 2004

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

William F. Nettles, IV, Michael A. Meetze, Assistant Federal Public
Defenders, Florence, South Carolina, for Appellant. J. Strom Thur-
mond, Jr., United States Attorney, Rose Mary Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eugene Hartwell Wilson appeals from his conviction for being a felon in possession of a firearm. On appeal, he challenges the district court's denial of his motion to suppress. We affirm.

After pleading guilty to voluntary manslaughter in 1994 and serving a term of imprisonment, Wilson began serving a term of parole. Wilson signed a Certificate of Parole upon his release, agreeing to allow his parole officer to visit him at home or anywhere else "at any time."

Wilson and his nephew, Eddie Cosom, were employed by Michael Langdon at Beverage Industries. In March 2002, Wilson either quit or was fired. Shortly after 8:00 a.m. on April 10, 2002, Cosom called Wilson's parole officer, Derrick Gordon. Cosom told Gordon that Wilson was making threats on his and Langdon's lives and was threatening other employees at Beverage Industries. Cosom stated that Wilson had been drinking and possibly discharging firearms.

Gordon told Cosom and Langdon to notify local law enforcement, and so, Cosom called Johnny Quick, a Chesterfield County deputy sheriff, and relayed Wilson's action and threats. Quick spoke with Gordon, and at approximately 11:00 a.m. that morning, Quick, Gordon and Andy Rivers, another parole officer, went to Wilson's trailer intending to make a "home visit" and see if there were any guns.

When Wilson answered the door, he smelled of alcohol and seemed agitated. Gordon stated that they were going to enter his home to make sure that he did not have any weapons. Wilson moved to the side of the door to permit entry. Gordon and Rivers walked through the trailer, while Quick waited outside, and they found guns in Wilson's bedroom covered with a cloth.

A parolee has diminished rights under the Fourth Amendment. *United States v. Reyes*, 283 F.3d 446, 458 (2d Cir. 2002). As such, no probable cause is required for a probation officer to visit the home

of a convicted person serving a term of supervised release without a warrant, even absent consent. *Griffin v. Wisconsin*, 483 U.S. 868, 878 (1987). After *Griffin* was decided, the Supreme Court again addressed the diminished rights due to persons under court supervision in *United States v. Knights*, 534 U.S. 112 (2001). In *Knights*, a warrantless search was conducted by a regular law enforcement officer who was aware of the defendant's probationer status. The defendant had agreed to warrantless searches of his home by probation officers as a condition of his release. In light of such prior consent, the Supreme Court found that the search required only reasonable suspicion. *Id.*

In this case, while Wilson did not explicitly consent to warrantless searches, he did consent to "home visits." Thus, he was aware that his expectation of privacy was diminished by virtue of his parolee status. *See Reyes*, 283 F.3d at 460-61. In addition, the "search" was conducted by his parole officer, who merely walked through the house, not opening closets or drawers. Given the circumstances of Wilson's parole, we find that the officers needed only, at most, reasonable suspicion to conduct a walk-through of Wilson's home under *Knights*. *See United States v. Hill*, 967 F.2d 902 (3d Cir. 1992) (upholding warrantless search of parolee's home based on "specific facts," even where searches were not a condition of parole); *see also United States v. Giannetta*, 909 F.2d 571 (1st Cir. 1990) (permitting search of probationer's home on "reasonable suspicion" under specific court condition of release).

Reasonable suspicion determinations are based on the totality of the circumstances in light of the officers' experience and specialized training. *United States v. Arvizu*, 534 U.S. 266, 273-74 (2002). Here, the officers were told by Wilson's nephew that he was threatening the lives of former coworkers and that he had recently been drinking and brandishing firearms. Wilson had a history of violence and was currently on parole for voluntary manslaughter. When the officers arrived at Wilson's home, they found him under the influence and agitated. These circumstances easily formed a reasonable suspicion. *See Hill*, 967 F.2d at 902 (finding reasonable suspicion based on estranged wife's allegations); *see also Griffin*, 483 U.S. at 871, 878-80 (tip that there "might be guns" in a probationer's apartment provided reasonable suspicion even absent corroboration).

Accordingly, we affirm the denial of Wilson's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*